IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RODNEY SHEPHERD,                          :
                                          :
        Petitioner,                       :
                                          :
VS.                                       :
                                          :    NO. 3:22-CV-55-CAR-CHW
BRIAN SHAVER; *et al.*,                   :
                                          :
        Respondents.                      :
_____

## ORDER

Petitioner Rodney Shepherd, a state prisoner currently confined in Calhoun State Prison in Morgan, Georgia, filed a 28 U.S.C. § 2254 petition in this Court challenging his September 3, 2008 conviction in the Athens-Clarke County Superior Court.   ECF No. 1. Around the same time, he filed a 28 U.S.C. § 2254 petition in the United States District Court for the Northern District of Georgia challenging the same September 3, 2008 conviction, and the Northern District transferred the action to this Court.   *Shepard v. Allen*, 3:22-cv-60-CDL-CHW (M.D. Ga. June 2, 2022).

Efficient judicial administration generally requires the federal courts to avoid duplicative actions.   *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).   Thus, Petitioner cannot maintain two habeas actions challenging the same conviction.   "[W]here a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition . . . ."   *Daker v. Toole*, 736 F. App'x 234, 235 (11th Cir. 2018) (per curiam)

(citations omitted).   The Court, therefore, docketed the habeas petition from *Shepard v. Allen*, 3:22-cv-60-CDL-CHW (M.D. Ga. June 2, 2022), in the current action as an amended petition.

Instead of proceeding with two habeas petitions, Petitioner must file a recast 28 U.S.C. § 2254 habeas petition that includes all the claims he wants to assert.   This recast petition will take the place of the habeas petition originally filed in this action (ECF No. 1) and the petition that Petitioner originally filed in the Northern District of Georgia, which was transferred to this Court and docketed in this action as an amended petition (ECF No. 4).

When filing his recast petition, Petitioner must answer **ALL** the questions on the 28 U.S.C. § 2254 form.   Specifically, Petitioner must tell the Court if he has exhausted available state remedies.   The Court recently dismissed Petitioner's § 2254 petition in *Shepard v. Allen*, 3:21-cv-105-CAR-CHW (M.D. Ga. dismissed on May 2, 2022), for failure to exhaust state remedies.   The amended petition filed in the current action shows that the state habeas court denied relief on April 12, 2022 but Petitioner's application for a certificate of probable cause to appeal is still pending in the Georgia Supreme Court.   ECF No. 4 at 3.   Petitioner should be aware that a claim is not exhausted until the Georgia Supreme Court has ruled on the certificate of probable cause to appeal.   *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004).   In fact, the state habeas proceedings remain on-going until the Georgia Supreme Court disposes of the application for certificate of probable cause to appeal and issues the remittitur.   *Dolphy v. Warden, Central State Prison*, 823 F.3d 1342, 1345 (11th Cir. 2016) (citations omitted) (stating that "the case remains

2

pending—and tolled—under § 2244(d)(2) until the [Georgia Supreme] Court issues the remittitur").

Additionally, Petitioner has moved to proceed without payment of the $5.00 filing fee.  He has not however, included a "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution."  Habeas Corpus R. 3.  Petitioner must provide this certificate if he wishes to proceed *in forma pauperis*.

It is, therefore, **ORDERED** that within **FOURTEEN (14) DAYS** of the date shown on this Order, Petitioner must complete in full and submit a 28 U.S.C. § 2254 petition. Additionally, Petitioner must either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis* that includes the "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution."  Habeas Corpus R. 3.  Failure to fully comply with this Order will result in the dismissal of this action.  Failure to keep the Court informed of any change of address may result in dismissal of this action.

The Clerk of Court is **DIRECTED** to forward the appropriate 28 U.S.C. § 2254 petition and financial forms (with the civil action number written on them) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 15th day of June, 2022.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

3